UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-018 (CKK) |
| v. | : | |
| JUAN JOSE SEGOVIA, | : | Status date: April 14, 2008 |
| Defendant. | : | |

FILED
APR 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF FACTS IN SUPPORT OF GUILTY PLEA

Had this case proceeded to trial, the parties acknowledge the Government would have proven the following facts beyond a reasonable doubt:

On January 15, 2008, at approximately 7:00 p.m., in the parking lot of a Safeway grocery store located in the 6500 block of Piney Branch Road, Northwest, Washington, D.C., the defendant did knowingly and intentionally distribute 500 grams or more of cocaine.

Earlier in the day, the defendant's brother, Nelson Ramirez, called him and told him that he had a large quantity of cocaine that he needed to sell. Another of defendant's brothers, Guillermo Segovia, made some phone calls to try to locate a buyer for the cocaine. Nelson Ramirez eventually called the defendant back and said that he needed a ride to sell the cocaine.

Juan and Guillermo Segovia picked up Nelson Ramirez in a White Jeep Cherokee bearing Maryland license plates belonging to their employer.

At about 6:40 p.m., the three defendants, including Juan Jose Segovia, entered Washington D.C. with the intent to unlawfully distribute 500 grams or more of cocaine. The three men drove from Silver Spring, Maryland, to a Safeway parking lot on Piney Branch Road,

NW, Washington DC.  Co-defendant Nelson Ramirez exited the white Jeep and entered the front passenger seat of an undercover police van.  Seated in the driver's seat of the undercover police van was a confidential informant who had previously set-up the transaction over the telephone with Nelson Ramirez.

Co-defendant Guillermo Segovia then exited the white Jeep Cherokee and sat in the second row of seats of the undercover police van.  Guillermo Segovia brought with him a black plastic bag containing approximately two kilograms of white powder cocaine.  The defendant believed that what was inside the plastic bag was two kilograms of powder cocaine.

Juan Jose Segovia suggested that the men should move to another location, specifically the parking lot of an apartment building, in order to complete the transaction in a safer, less public, setting.  The confidential informant stated that the transaction would take place right there.  Co-defendant Juan Segovia then entered the third row of seats in the undercover police van.

Guillermo Segovia then handed the black plastic bag to co-defendant Nelson Ramirez in the front seat.  Co-defendant Ramirez opened the bag and handed the two kilograms of cocaine to the confidential informant.  Guillermo and Juan Jose Segovia both commented on the high quality of the cocaine.

The confidential informant gave $6000.00 in pre-marked police department funds to co-defendant Nelson Ramirez.  At that time, the undercover officer who was inside the van, got out to retrieve additional money to complete the transaction.  When the undercover officer exited the

vehicle, nearby arrest teams converged upon the vehicle and placed the three defendants under arrest.

The two kilograms of cocaine were observed sitting on the console between the two front seats. The $6000.00 was recovered from the front passenger seat and floorboard. Detectives searched the white Jeep Cherokee. They recovered $68,500.00 on the floorboard where Juan Jose Segovia had been seated. The police also found a red bag containing some additional cocaine inside the rear compartment of the Jeep. Co-defendant Ramirez was searched incident to arrest and he had $2000.00 on his person.

The cocaine distributed and/or possessed with intent to distribute weighed between 500 grams and 2 kilograms.

Co-defendant Nelson Ramirez provided a post-arrest statement to police acknowledging his involvement in the above offense, as well as the involvement of his two co-defendants.

**Defendant's acceptance**

I have read the proffer of evidence setting forth the facts as to my participating in the unlawful distribution of 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii). I have discussed this proffer fully with my attorney, Heather Shaner, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

_____        4/14/08
JUAN JOSE SEGOVIA                                     Date
Defendant

**Defense Attorney's Acknowledgment**

I have read each of the pages constituting the government's proffer of evidence as to my client's participation in the unlawful distribution of 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii). I have reviewed the entire proffer with my client and I have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

_____          4/14/08
HEATHER SHANER, Esq.                      Date
Attorney for Juan Jose Segovia